Filed 5/12/15  McGuire v. IMT Associates CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| COLIN McGUIRE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>IMT ASSOCIATES et al.,<br><br>        Defendants and Appellants. | A143019<br><br>(Alameda County<br>Super. Ct. No. RG14724287) |

Defendants IMT Associates and IMT Associates as successor trustee of the McGuire Family Irrevocable Trust (collectively IMT) appeal from the denial of their special motion to strike plaintiff Colin McGuire's quiet title complaint and from the imposition of sanctions for filing a frivolous motion. We agree with the trial court that "it is clear that [the requirements for filing a special motion to strike under Code of Civil Procedure section 425.16 are] not met in this case and this should have been apparent to 'any reasonable attorney' reviewing the applicable case law." We shall therefore affirm the order.

**Background**

The complaint in this action that IMT sought to strike was preceded by an unlawful detainer action that IMT brought to evict McGuire from what apparently had been a family home in Berkeley. Some four months after the filing of the unlawful detainer action McGuire filed the instant action for quiet title and declaratory relief. The complaint acknowledges the filing of the unlawful detainer action and alleges that title to the property in question is held by IMT, but that: "The basis of [IMT's] legal interest in

1

the subject property are various living trust and irrevocable trust documents and deeds contained in the chain of title thereto. Based on information and belief, [McGuire] further alleges that he is a vested beneficiary under the operative trust document(s) contained in the chain of title." The complaint further alleges that IMT has "no title, legal, or equitable interest in the subject property, and further, that any deeds purporting to convey title or interest to [IMT] are void as a matter of law." The second cause of action seeking declaratory relief alleges further that the settlor of the operative irrevocable trust document, his mother, "lacks the legal capacity to amend, change or modify the trust agreement," that she "has been legally incompetent in this regard for several years," and seeks a declaration that she "was, at all times relevant hereto with respect to various transfers in the chain of title and on the trust documents, legally incompetent to the extent that she lacked legal capacity to transfer and convey title and/or to amend any trust documents from the date of her declared incompetence henceforward."

Arguing that this action arises from the unlawful detainer action, IMT filed a special motion to strike both causes of action of the complaint under the anti-SLAPP statute,[1] Code of Civil Procedure section 425.16 (section 425.16). The trial court denied the motion, explaining, "The mere fact that this lawsuit was filed after the unlawful detainer suit, and even may have been prompted by it, is not sufficient to bring the suit within section 425.16," citing *City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 80 and *Copenbarger v. Morris Cerullo World Evangelism* (2013) 215 Cal.App.4th 1237, 1247-1248. The court also granted McGuire's motion for attorney fees and costs, finding the motion frivolous and awarding fees and costs of $9,100.

IMT has timely appealed from the trial court's order.

### Discussion

The basic principles applicable to motions to strike under section 425.16 have been restated many times. We quote from this court's opinion in *Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP* (2005) 133 Cal.App.4th 658, 669-670:

---

[1] "SLAPP" is an acronym for a strategic lawsuit against public participation.

"Section 425.16 provides for the early dismissal of certain unmeritorious claims by means of a special motion to strike. [Citation.] In this regard, the statute states: 'A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.' (§ 425.16, subd. (b)(1).)

"Consideration of a section 425.16 motion to strike involves a two-step process. 'First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. The moving defendant's burden is to demonstrate that the act or acts of which the plaintiff complains were taken "in furtherance of the [defendant]'s right of petition or free speech under the United States or California Constitution in connection with a public issue," as defined in the statute. (§ 425.16, subd. (b)(1).) If the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim.' [Citation.]

"A defendant who files a special motion to strike bears the initial burden of demonstrating that the challenged cause of action arises from protected activity. [Citations.] However, as our Supreme Court has observed, 'the "arising from" requirement is not always easily met. [Citations.]' [Citation.] A cause of action does not 'arise from' protected activity simply because it is filed after protected activity took place. (*City of Cotati v. Cashman*[, *supra*,] 29 Cal.4th 69, 76-77.) Nor does the fact '[t]hat a cause of action arguably may have been triggered by protected activity' necessarily entail that it arises from such activity. (*Id.* at p. 78.) The trial court must instead focus on the substance of the plaintiff's lawsuit in analyzing the first prong of a special motion to strike. [Citations.] In performing this analysis, the Supreme Court has stressed, 'the critical point is whether the plaintiff's cause of action itself was *based on* an act in furtherance of the defendant's right of petition or free speech. [Citations.]' [(*Ibid*.)] In

3

other words, 'the defendant's act underlying the plaintiff's cause of action must *itself* have been an act in furtherance of the right of petition or free speech. [Citation.]' (*Ibid.*)

" 'In deciding whether the "arising from" requirement is met, a court considers "the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." (§ 425.16, subd. (b).)' (*City of Cotati v. Cashman, supra,* 29 Cal.4th at p. 79.) On appeal, we independently determine whether this material demonstrates that the cause of action arises from protected activity." (*Peregrine v. Sheppard, supra,* 133 Cal.App.4th at pp. 669-670.)

Under the principle clearly stated in the Supreme Court's 2002 decision in *City of Cotati v. Cashman, supra,* 29 Cal.4th 69, and since reiterated numerous times, including in the case cited by the trial court, *Copenbarger v. Morris Cerullo World Evangelism, supra,* 215 Cal.App.4th 1237, it is unmistakably clear that McGuire's quiet title action is not "based on" the filing of IMT's unlawful detainer action or other protected activity. While the filing of an unlawful detainer action is protected activity (e.g., *Birkner v. Lam* (2007) 156 Cal.App.4th 275, 281), "the mere fact an action was filed after protected activity took place does not mean it arose from that activity. The anti-SLAPP statute cannot be read to mean that 'any claim asserted in an action which arguably was filed in retaliation for the exercise of speech or petition rights falls under section 425.16, whether or not the claim is *based on* conduct in exercise of those rights.' " (*City of Cotati v. Cashman*, *supra*, pp. 76-77.) "[T]he statutory phrase 'cause of action . . . arising from' means simply that the defendant's act underlying the plaintiff's cause of action must *itself* have been an act in furtherance of the right of petition or free speech." (*Id.* at p. 78.) And, therefore, as stated in *Copenbarger,* "[a] complaint arising out of or based on the dispute or conduct underlying [an] unlawful detainer action is not subject to a special motion to strike." (215 Cal.App.4th at p. 1245.)

McGuire's complaint challenging IMT's title to the property in question and alleging, apparently, that its claim to title is based on a purported conveyance from an incompetent person plainly is not based on constitutionally protected petition or free speech. While the filing of the unlawful detainer action may have prompted McGuire to

4

bring his complaint, the complaint is not based on the filing of the unlawful detainer. The case on which IMT primarily relies, *Wallace v. McCubbin* (2011) 196 Cal.App.4th 1169, is readily distinguishable. The two causes of action in that case that were held subject to the anti-SLAPP statute were for wrongful eviction and retaliatory eviction, based on the wrongful service of a three-day notice to quit and the filing of an unlawful detainer action (as well as the filing of a related complaint with San Francisco Animal Care and Control). (*Id.* at p. 1182.) The plaintiffs alleged that the unlawful detainer action was brought in violation of the terms of the governing rent ordinance, and as retaliation prohibited by provisions of the Civil Code, to which the court held section 425.16 applied despite the fact that the latter claim was also based in part on some unprotected activity. (196 Cal.App.4th at pp. 1186-1187.) The plaintiffs there expressly sought to impose liability on the defendant for filing the unlawful detainer action. Here, McGuire seeks to quiet title but requests no relief based on the filing of the unlawful detainer action. Contrary to the assertion made repeatedly throughout IMT's appellate brief, McGuire has not "sued [IMT] at least in part, if not principally, for filing a complaint containing an unlawful detainer action."

Moreover, the trial court was justified in deeming IMT's special motion to strike frivolous, authorizing the imposition of sanctions. (§ 425.16, subd. (c)(1).) Numerous cases have applied the principle articulated in the 2002 trilogy of Supreme Court decisions, of which *City of Cotati* was one, making absolutely clear that actions based on a dispute underlying an unlawful detainer action are not subject to an anti-SLAPP motion. *Copenbarger* was decided 10 months before IMT filed its special motion to strike and itself cites numerous prior cases arising in comparable contexts holding section 425.16 to be inapplicable. (*Copenbarger v. Morris Cerullo World Evangelism, supra,* 215 Cal.App.4th at pp. 1245-1247.) IMT did not address any of these cases in the trial court and despite the trial court's citation of *Copenbarger* in its order, makes no attempt to distinguish that case or any of the cases on which it relies in its briefs to this court. The two causes of action pleaded in McGuire's complaint are in no sense "mixed" causes of action, giving rise to the question whether alleged protected activity is incidental to

unprotected activity. Nothing on which the complaint is based constitutes constitutionally protected activity. By this time it should be clear to competent counsel that the mere fact that the action was brought in response to the filing of the unlawful detainer action is not sufficient to bring the action within the scope of the anti-SLAPP statute.

## Disposition

The order denying the special motion to strike and imposing sanctions is affirmed.

_____
Pollak, Acting P.J.

We concur:

_____
Siggins, J.

_____
Jenkins, J.